■ BRIXTON, CAMBERWELL & POOLE, LTD., Plaintiff, v HAYWARD R. PRESSMAN et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. HERBERT J. FARBER et al., Third-Party Defendants-Respondents.—In an action to recover a broker's commission, defendants and third-party plaintiffs Pressman and 158 East 35th Street Holding Corp. (hereinafter collectively known as Pressman) appeal from an order of the Supreme Court, Kings County (Scholnick, J.), dated December 10, 1984, which granted third-party defendants' motion for summary judgment and dismissed the third-party complaint.

Order affirmed, with costs.

Defendant Bobrow leased 158 East 35th Street, New York, New York, to one Manning, who in turn assigned the lease to third-party defendant Herbert J. Farber Associates, Inc. The lease contained an option to buy exercisable in November 1984 which was transferred pursuant to the assignment. Herbert J. Farber, believing he could persuade Bobrow to allow the exercise of the option in early 1984, contacted plaintiff Brixton, Camberwell & Poole, Ltd. (Brixton), a real estate brokerage firm, in the summer of 1983, and told them to locate a buyer. Defendants and third-party plaintiffs Pressman were interested in the property and made an offer. Pressman withdrew the offer allegedly after learning the true nature of Farber's interest in the premises. Pressman subsequently contacted Bobrow, negotiated with him directly, and eventually purchased the premises from him.

Brixton brought suit against Pressman and Bobrow, *inter alia,* on the grounds of fraudulently concealing the purchase of the premises by Pressman from Bobrow, and conspiring to deprive and defraud Brixton of a commission. Pressman brought a third-party action against respondents, which essentially alleges that their misrepresentations as to their interest in the property and availability of the premises for occupancy induced Pressman to deal with Brixton and possibly incur liability for Brixton's commission. Respondents moved for summary judgment dismissing the third-party complaint for failure to state a cause of action. Special Term granted the motion. We affirm.

The thrust of the third-party complaint is that respondents' misrepresentations induced Pressman to deal with Brixton to his detriment, in that they may be liable for Brixton's com-

mission. No cause of action exists, since no legally cognizable relationship, either in tort or contract, exists between Pressman and respondents. Thus, the third-party complaint was properly dismissed. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.